[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 47 years old plaintiff wife has brought this lawsuit against the 47 year old defendant husband seeking a dissolution of their marriage that took place on November 27, 1963. The parties have one child issue of the marriage who is now 23 years old. The parties have been separated "on and off", for the last 10 years. The first separation occurred in November, 1980 when the defendant vacated the marital home for six months. The plaintiff has had serious health problems for the last 20 years of the marriage but she has been able to work as a waitress for the last 4-1/2 years. The defendant has been a carpenter throughout the marriage. The plaintiff admits that the defendant was a hard worker and that he CT Page 3320 was supportive during a period of her illness that lasted ten years from 1968 to 1978. The defendant turned his earnings over to plaintiff throughout the marriage until the most recent three years. The plaintiff has accounting and bookkeeping skills. The plaintiff further acknowledges that she displayed a "Jekyll and Hyde" personality until her condition of hypoglycemia was diagnosed in 1980 or 1981.
Although the plaintiff attempted to lay blame for the marriage breakdown on the defendant, claiming he drank to excess, the court finds no basis to allocate fault unevenly.
The main asset of the parties is the marital home that the plaintiff's expert witness valued at $135,000. The court accepts that figure as the fair market value. It is subject to a $5,100 mortgage.
The plaintiff has a small pension with a vested amount of $550. The defendant has an annuity through his union with a present value of $13,000. The plaintiff has bank accounts totaling $5,000.
The defendant has debts totaling $5,000 and the plaintiff has debts totaling $7,500.
The court finds that the defendant's earning capacity is double the plaintiff's earning capacity.
The plaintiff claims that the defendant purloined the plaintiff's diamond engagement ring but the court finds such claim unproven.
Having examined the evidence in the light of the statutory criteria, the court enters the following decree:
1. A decree shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. The defendant's counterclaim is dismissed as moot.
2. The defendant shall pay the sum of $150 weekly to the plaintiff as periodic alimony until the death of either party or the remarriage of the plaintiff. This order shall be secured by a wage garnishment as required by statute.
3. The defendant shall maintain the plaintiff on his medical insurance coverage under the COBRA law for the maximum period allowed of three years at his sole expense.
4. The real estate known as 108 White Avenue, Middlebury, owned by both parties, shall be placed on the market for sale CT Page 3321 after the parties have had the following opportunity to buy each other out as follows.
 a) The plaintiff shall have first opportunity to buy out the defendant by paying to defendant the sum of $60,000 on or before January 31, 1991. The real estate may be used as security and the defendant shall cooperate in plaintiff's mortgage applications.
 b) If the plaintiff elects not to or fails to buy out defendant as provided, the defendant may buy out the plaintiff by paying to the plaintiff the sum of $70,000 on or before April 30, 1991. The real estate may be used as security and the plaintiff shall cooperate in defendant's mortgage applications.
 c) If neither party buys out the other party, then, on May 1, 1991, the real estate shall be placed on the open market for sale at such price and terms as the parties agree upon. If no agreement is reached, either party may move the court for an articulation of the terms of sale. The net proceeds derived from the sale of the real estate shall be divided equally between the parties.
5. Pending disposition of the real estate, the plaintiff shall have exclusive possession of same. She shall pay all utility charges, water bills, mortgage installments, homeowner insurance premiums and heating bills during her occupancy.
6. The contents of the real estate are awarded to the plaintiff as her sole property.
7. The plaintiff shall retain the 1984 Ford Mustang as her sole property.
8. The defendant shall retain the 1978 Volkswagon as his sole property.
9. The plaintiff shall retain the 1984 Ford Escort and the 1981 Mercury as her sole property.
10. The plaintiff shall retain both the First Federal Savings Loan checking accounts and the savings accounts as her sole property.
11. Each party shall retain their respective pension benefits CT Page 3322 free of claims of the other party.
12. The plaintiff shall be responsible for the debts listed on her financial affidavit except any that are listed on plaintiff's Exhibit A for which the defendant shall be solely responsible.
13. The defendant shall be responsible for the liabilities listed on his financial affidavit and for all debts listed on plaintiff's Exhibit A, and he shall hold plaintiff harmless and indemnified from such creditors' claims.
14. The defendant shall be allowed a reasonable opportunity to remove any remaining clothing or personal items still at the marital home.
15. The parties shall absorb their respective litigation expenses.
The attorney for the plaintiff shall prepare the judgment file.
The defendant's motion for modification dated June 22, 1990 and amended motion dated October 2, 1990 are both denied. Any remaining balance due on the pendente lite orders are preserved and shall be paid by defendant at the rate of $10 weekly.
HARRIGAN, J.